## R. P. HYAMS COAL CO. v. BIRMINGHAM FUEL CO.

Circuit Court of Appeals, Fifth Circuit. January 24, 1929.

No. 5000.

John H. Bankhead and John S. Stone, both of Birmingham, Ala. (Thomas C. McClellan, Bankhead & Bankhead and McClellan & Stone, all of Birmingham, Ala., on the brief), for appellant.

A. Leo Oberdorfer, of Birmingham, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. The material facts in this case are not disputed. It appears that appellee had entered into a contract with the New Orleans Railway & Light Company to supply it with all the coal required at its power houses and gas house in the city of New Orleans for a period of five years and three months, from December 16, 1916, to March 31, 1922; the coal to be delivered daily in quantities running between 340 tons and 650 tons. Appellant was em-

ployed by appellee by another contract to attend to the inspection and weighing of the coal and to make deliveries of same to the railway company. For some reason, not disclosed by the record, no coal was supplied to the railway company by appellee after June, 1918. Appellant made the deliveries of the coal actually supplied and was paid in full for services rendered.

The essential part of the contract in suit is as follows, the other clauses merely referring to the details of the inspection, weighing, and delivery: "For and in consideration of stipulations hereinafter mentioned, the R. P. Hyams Coal Company, a corporation, hereinafter called the Hyams Company, agrees and binds itself, its successors and assigns, to haul, look after and handle, in the City of New Orleans, all the coal supplied to the New Orleans Railway & Light Company, during five years and three months, beginning the 16th day of December, 1916, and ending the 31st day of March, 1922, by the Birmingham Fuel Company, hereinafter called the Birmingham Company, its successors and assigns."

Appellant brought suit for damages for breach of the contract on the theory that it was employed to look after all the deliveries of coal contemplated to be delivered to the railway company under the terms of the contract between it and appellee. Demurrers were sustained to various counts of the complaint, and finally the case went to trial on the fifth count, which alleged in substance the above set out theory of appellant. The District Court excluded the contract when offered in evidence as not being the same contract declared on and directed a verdict for appellee. Error is assigned to various rulings of the trial court, but, as the case turns on the construction of the contract between the parties, it is unnecessary to consider the assignments separately.

Appellant relies mainly on the cases of Soley & Sons v. Jones, 208 Mass. 561, 95 N. E. 94, and Guerini Stone Co. v. Carlin Const. Co., 240 U. S. 264, 36 S. Ct. 300, 60 L. Ed. 636, and other cases to the same effect. The cases cited are easily to be distinguished from the case at bar. They dealt with subcontracts to do particular work and were complete in themselves. It was held that they were not affected by the termination of the main contracts.

In this case we agree with the District Court that the contract covered the delivery of coal actually supplied by appellant. Appellant was not employed to deliver all the coal contracted to be supplied to the railway company, but only so much as might be in fact supplied.

The record presents no reversible error. Affirmed.